## Case No. 535.

ARMAT v. UNION BANK OF GEORGE-
TOWN.

[2 Cranch. C. C. 180.][1]

Circuit Court, District of Columbia. June
Term, 1819.

LOST INSTRUMENTS—ONE-HALF OF BANK NOTE
LOST—RECOVERY.

If the owner of a bank-note lose one half
of it, he may recover the amount of the whole
note, in an action against the bank which is-
sued it, the plaintiff having offered security to
indemnify the bank against the claim of any
other person upon the lost half.

[See Bullett v. Bank of Pennsylvania, Case
No. 2,125.]

At law. This cause was submitted to the
court upon the following case stated, by Mr.
Key, for the plaintiff, and Mr. Jones, for
the defendant: A note for $100, duly issued
and put in circulation as cash by the Union
Bank of Georgetown, was cut in two by
one T. C. Amory and one of the said halves
remitted in payment by him to the plain-
tiff by mail from Glocester Court-House to
Baltimore; but never arrived by mail, nor
in any other manner came to the hands of
the plaintiff; but has ever since the said re-
mittance, been missing, and never since
heard of, and is lost to the plaintiff. That
said Amory afterwards, and before the in-
stitution of this suit, delivered the remain-
ing half to the plaintiff, who presented it
to the bank and demanded payment of the
whole sum of $100; at the same time offer-
ing to prove to the satisfaction of the said
bank, the miscarriage and loss of the other
half, and to indemnify them by security
against any loss from the reappearance and
demand of the half so lost. The said half
so presented is hereto annexed, and it is
agreed that the said note, before the same
was cut as aforesaid, was in the form
hereunto annexed; and was one of a con-
siderable number of one hundred dollar notes
issued and put in circulation by the said
bank, and not otherwise distinguishable
from the said note, than by a certain num-
ber and letter on the left of each of the said
notes respectively. The said defendants of-
fered to pay to the plaintiff, on presentation
of the said half, one half of the amount
of the said original note, that is to say, $50;
but refused to pay the other half. It is
agreed to be the custom of the said bank,
and of banks generally, to pay one half of
the original sum due upon the whole note,
upon presenting one half of a cut note,
without accounting at all for the other half.
The point now submitted is, whether the
said bank is not bound to pay the whole
amount of the original note, upon due proof
of the loss of one half of the note, and an
offer to indemnify as aforesaid.

Mr. Key, for plaintiff. If the whole note
had been lost, and the plaintiff had offered

indemnity, he would have been entitled to
recover, as upon a lost note. A man does
not lose his debt, by losing the best evi-
dence of it.

Mr. Jones, for defendant. The $100 notes
are only distinguishable from each other by
a number on the left half. These notes
pass as cash. They are payable to bearer.
Trover will not lie for them. If stolen and
presented by a bona fide holder, the bank
is liable. Pierson v. Hutchinson, 2 Camp.
211; Grant v. Vaughan, 3 Burrows, 1516;
Peacock v. Rhodes, 2 Doug. 633. The cus-
tom to pay half was generally known, and
an agreement may be presumed to that ef-
fect. The innocent holder of the other half,
may, perhaps, show as good a right to re-
cover upon it as the present plaintiff. It
was payable to bearer on demand.

THE COURT (nem. con.) said: This is
to be considered as a note destroyed. The
plaintiff is admitted to have been owner
of the whole note. The holder of the other
half cannot aver the same fact, and there-
fore can never recover upon it. Judgment
for the plaintiff.